NO. 07-08-0400-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0401-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0402-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0403-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0404-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0405-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0406-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0407-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0408-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0409-CRÂ 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B
Â 
JANUARY 27, 2009

______________________________


ILDEFONSO SANTIAGO MARTINEZ, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

______________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NOS. 56,136-C, 57,334-C, 57,335-C, 57,336-C, 57,337-C,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 57,338-C, 57,339-C, 57,340-C, 57,341-C and 57,342-C;
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â HON. ANA ESTEVEZ, PRESIDING
_______________________________

MEMORANDUM OPINION
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â After a jury trial, appellant Ildefonso Santiago Martinez was convicted of eight counts
of aggravated sexual assault and two counts of indecency with a child. Punishment was
assessed by the jury at life imprisonment for each count of aggravated sexual assault and
twenty years imprisonment for each count of indecency with a child with the sentences to
run consecutively. 
Â Â Â Â Â Â Â Â Â Â Appellantâs appointed counsel has filed motions to withdraw, together with an
Andersâ


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellantâs appeals are without merit. Along with his brief, he has provided
a copy of a letter sent to appellant informing him of counselâs belief that there was no
reversible error and of appellantâs right to file a response pro se. By letter dated December
12, 2008, this court also notified appellant of his right to file a response by January 12,
2009, if he wished to do so. To date, we have received neither a response nor a request
for extension of time to file one. 
Â Â Â Â Â Â Â Â Â Â In compliance with the principles enunciated in Anders, appellate counsel discussed
various phases of the trial including pre-trial and voir dire, the guilt/innocence phase, the
charge conference and the courtâs charge, final arguments on guilt/innocence, and the
punishment phase. In doing so, he analyzed why he perceived there to be no reversible
error during each phase. He also discussed whether the evidence was sufficient to support
the verdicts and whether the stacking of appellantâs sentences constituted cruel and
unusual punishment, but again he concluded there was no reversible error. Thereafter,
we conducted our own review of the record to assess the accuracy of appellate counselâs
conclusions and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991) and concluded the same. 
Â Â Â Â Â Â Â Â Â Â Accordingly, the motions to withdraw are granted, and the judgments are affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Do not publish. 



port was issued within three weeks before the plea hearing, and statute
authorized the trial court to rely exclusively on it when considering appellant's competency. 

 As to appellant's answers at the plea hearing, some of the initial ones were indeed
unresponsive to various questions propounded. Yet, his ultimate replies proved highly
responsive. Those answers also evinced appellant's understanding of the proceedings
against him and the voluntariness of his actions, or the trial court could have so reasonably
held. 

 Furthermore, the plea hearing was bereft of outbursts or bizarre actions on the part
of appellant. So too did defense counsel refrain from suggesting that her client was unable
to communicate with her or was unaware of either the nature of the proceedings against
him or his situation. This is telling for that same counsel was not only aware of appellant's
prior condition but also instrumental in having him previously declared incompetent by a
jury. Yet, at the plea hearing, she said nothing about appellant being incompetent at the
time.

 Given the record before us, we cannot say that the evidence created a bona fide 
doubt of appellant's competency. Thus, we cannot say that the failure to empanel another
jury to address appellant's competency at the time of the plea hearing fell outside the zone
of reasonable disagreement or that the trial court abused its discretion.

 Accordingly, the judgments of the trial court are affirmed.

 

 Brian Quinn 

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Appellant asks that we either modify or deviate from the standard of review discussed in the cases
we cite due to recent writings of the Texas Supreme Court. However, the Texas Court of Criminal Appeals
has final say in things criminal, not the Texas Supreme Court. And, since it has prescribed a particular
standard of review, we must follow it as prescribed.